UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
ANTHONY RULLAN,                     :
                                    :
            Petitioner,             :    Civ. No. 15-140 (NLH)
                                    :
     v.                             :    OPINION
                                    :
STATE OF NEW JERSEY, et al.,        :
                                    :
            Respondents.            :
_____:

APPEARANCES:
Anthony Rullan, #361599
South Woods State Prison
215 Burlington Road, South
Bridgeton, NJ 08302
     Petitioner Pro se

HILLMAN, District Judge

　　　On or about January 8, 2015, Petitioner Anthony Rullan, a prisoner confined at South Woods State Prison in Bridgeton, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2254, challenging his 2007 New Jersey state court conviction. (ECF No. 1). On March 31, 2015, the Court administratively terminated this case for failure to either pay the filing fee or submit a complete in forma pauperis application. (ECF No. 4). On or about May 1, 2015, Petitioner submitted a new in forma pauperis application (ECF No. 5) and the case was reopened for review by a judicial officer.

## THE NEW IN FORMA PAUPERIS APPLICATION

Although Petitioner provides a six-month account statement, it is not certified by a prison official. In fact, the request form which Petitioner submits along with his account statement bears a notation that reads, "Please see attached copy of 6 month statement w/out certification." (In Forma Pauperis App. 6, ECF No. 5). It is unclear from the request form who was the prison staff member who received Petitioner's request and wrote this notation.

The Court takes this opportunity to again remind Petitioner that the filing fee for a petition for writ of habeas corpus is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner

2

exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L. Civ. R. 81.2(c).

As explained above, Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a); nor did Petitioner submit an application for leave to proceed in forma pauperis which included a certification signed by an authorized officer of the institution as required by Local Civil Rule 81.2(b).

Accordingly, this matter will be administratively terminated for failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by either paying the filing fee or submitting a complete application for leave to proceed in forma pauperis, which includes a certification signed by an authorized officer of the institution as required by Local Civil Rule 81.2(b).

To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

3

THE § 2254 PETITION

The Court has also reviewed Petitioner's initial Petition (ECF No. 1) and notes that it is not submitted on forms supplied by the Clerk of the Court for section 2254 petitions. See AO 241 (modified): DNJ-Habeas-008 (Rev.01-2014).  Local Civil Rule 81.2(a) requires use of the Court's form unless the petition is prepared by counsel.  Here, Petitioner is proceeding pro se and did not use the appropriate forms.

Accordingly, in the event Petitioner chooses to submit a request to reopen this case, he shall be required to resubmit the Petition using the forms supplied to him by the Clerk of the Court.

CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1]  Petitioner will be granted leave to apply to re-open within 30 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).

In the event Petitioner requests that the Court reopen his case, he is required to resubmit his Petition using the forms supplied to him by the Clerk of the Court.

An appropriate Order will be entered.

```
                                    ____s/ Noel L. Hillman____
                                    NOEL L. HILLMAN
                                    United States District Judge
```

Dated: July 21, 2015
At Camden, New Jersey

5