```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
ANTHONY RULLAN,                    :
                                   :
        Petitioner,                :   Civ. No. 15-140 (NLH)
                                   :
   v.                              :   OPINION
                                   :
STATE OF NEW JERSEY,               :
                                   :
        Respondent.                :
_____:

APPEARANCES:
Anthony Rullan, No. 561599B/723994
South Woods State Prison
215 Burlington Road, South
Bridgeton, NJ 08302
    Petitioner Pro Se

Jennifer Webb-McRae
Cumberland County Prosecutor
115 Vine Street
Bridgeton, NJ 08302
    Counsel for Respondent

HILLMAN, District Judge

	Petitioner Anthony Rullan, a prisoner presently confined at South Woods State Prison in Bridgeton, New Jersey, filed an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2008 New Jersey state court conviction. ECF No. 17.  For the reasons discussed below, Respondent's Motion to Dismiss the Amended Petition as time-barred under 28 U.S.C. § 2244(d), ECF No. 30, will be granted and the Petition dismissed.

## I. BACKGROUND

In 2008, Petitioner was convicted in New Jersey state court of the offenses of endangering the welfare of a child and lewdness observed by children under the age of thirteen. ECF No. 17, Am. Pet. at 2. Petitioner filed a timely direct appeal, which became final on January 30, 2011, ninety (90) days after the New Jersey Supreme Court denied his Petition for Certification on November 1, 2010. Id. at 3.

Petitioner did not file his state court petition for post-conviction relief under July 25, 2011 - 175 days after his conviction became final. Id. at 4. His PCR petition was denied on July 2, 2012. Id. Petitioner did not appeal the denial of his PCR petition until December 19, 2012, which is 124 days after Petitioner's forty-five day period for an appeal to the Appellate Division of the Superior Court expired on August 16, 2012. Id. at 5. See N.J. Ct. R. 2:4-1(a) (providing forty-five days to appeal to the Appellate Division). On April 22, 2014, the Appellate Division affirmed the denial of his PCR petition. ECF No. 30, Answer, at 2. Petitioner filed a petition for certification with the New Jersey Supreme Court on June 11, 2014, which was denied on October 9, 2014. Id. at 3. The time between when Petitioner's time for filing a timely petition for certification to when he actually filed it is twenty-nine (29)

days.  See N.J. Ct. R. 2:12-3(a) (providing twenty (20) days in which to file a petition for certification).

Petitioner effectively filed the Petition on January 2, 2015, and it was docketed on January 8, 2015.  See ECF No. 1.  The Petition was thus filed eighty-four (84) days after the denial of the New Jersey petition for certification.  Petitioner subsequently amended his petition.  See ECF No. 17.

After a Motion to Dismiss was denied without prejudice, see ECF No. 23, Respondent filed a Second Motion to Dismiss on August 10, 2017, in which Respondent asserts the Petition should be dismissed as untimely under § 2244(d).  ECF No. 30, at 1.  Petitioner filed a response on the issue of timeliness raised in the motion to dismiss.  ECF No. 31.  Relevant to the instant Motion, Petitioner alleges that the time-stamped date on his PCR petition, which the Respondent alleges is July 25, 2011, is in fact July 14, 2011.  See ECF No. 31.  Petitioner includes time stamped copies of his filed PCR documents which purport to show a time-stamped date of July 15, 2011.  Id. at 15-22.  Petitioner signed his PCR petition on July 14, 2011, and also had his affidavit of indigency for his PCR petition notarized on July 14, 2011.  See id. at 17, 19.

## II. DISCUSSION

The governing statute of limitations under the Antiterrorism and Effective Death Penalty Act ("AEDPA") is found at 28 U.S.C. § 2244(d), which states in relevant part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). See also Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the

ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012).

Here, the New Jersey Supreme Court denied Petitioner's petition for certification on direct appeal on November 1, 2010. He did not file a petition for writ of certiorari in the Supreme Court of the United States, so his conviction became final ninety days later, i.e. on January 30, 2011.  He did not file his PCR petition until after the expiration of the time for filing a petition for writ of certiorari with the Supreme Court of the United States, and thus his habeas statute of limitations began to run on January 31, 2011.  See 28 U.S.C. § 2244(d)(1)(a).

One hundred and seventy-five days later, Petitioner filed his PCR petition on July 25, 2011.  At this point, his federal habeas statute of limitations begins to toll pursuant to 28 U.S.C. § 2244(d)(2).  That petition was denied on July 2, 2012, but he did not file his appeal until December 19, 2012, 124 days after the proper time for doing so expired.  Because Petitioner failed to file a timely appeal, his federal statute of limitations began to run again.[1]  The Appellate Division of the

---

[1] See Douglas v. Horn, 359 F.3d 257, 263 (3d Cir. 2004) (rejecting notion that by "filing a nunc pro tunc petition for leave to appeal a petitioner could obtain further tolling after the time for even discretionary review of a judgment has expired");

New Jersey Superior Court denied his appeal on April 22, 2014. Petitioner then took twenty-nine (29) additional days to file a petition for certification with the New Jersey Supreme Court after the proper time for doing so expired. The New Jersey Supreme Court denied his petition for certification on October 9, 2014. Petitioner then waited eighty-four (84) days to file the instant habeas petition.

The untolled periods of time between when Petitioner's conviction became final and he filed the instant Petition amount to 412 days, well over the one-year statute of limitations provided in § 2244(d)(1). In his reply, Petitioner argues that the time stamp on his PCR petition, which the Respondent alleges is July 25, 2011, is in fact July 14, 2011. See ECF No. 31. Even accepting Petitioner's assertion as true, his Petition was

---

Swartz v. Meyers, 204 F.3d 417, 424, n.6 (3d Cir. 2000) ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation."); see also Smith v. Holmes, No. 13-1876, 2016 WL 1464649, at *1 (D.N.J. Apr. 14, 2016) ("when an untimely appeal is filed—even if the appeal is accepted as properly filed by the state appeals court—statutory tolling does not include the period between expiration of the time to appeal and when the appeal was actually filed"); Martin v. D'Ilio, No. 15-7158, 2017 WL 1003246, at *2 (D.N.J. Mar. 15, 2017 (same); Alvarenga v. Lagana, No. 13-4604, 2016 WL 3610156, at *1 (D.N.J. July 1, 2016) ("When an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of time to appeal and when the appeal was actually filed."), aff'd sub nom Alvarenga v. Admin N. State Prison, No. 16-3538 (3d Cir. Dec. 14, 2016)(denying certificate of appealability).

6

still filed beyond the one-year statute of limitations provided for federal habeas review. Accordingly, the Petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.

In Holland v. Florida, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649–50 (2010). See Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland, 560 U.S. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). See also Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 89 (3d Cir. 2013).

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. Holland, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted). See also Alicia v. Karestes, 389 F. App'x 118, 122 (3d Cir. 2010)

7

(holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. See Ross, 712 F.3d at 799; Schlueter v. Varner, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.").

The court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. Holland, 560 U.S. at 651 (citations omitted). See also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling can be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava, 398 F.3d at 275-276. See also Holland, 560 U.S. at 648-49 (relying on Pace, 544 U.S. at 418); Jenkins, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and

8

only when the "principles of equity would make the rigid application of a limitation period unfair").

Indeed, extraordinary circumstances have been found only where: (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

In his response to the Second Motion to Dismiss, Petitioner provides no explanation for his delay in filing his PCR petition and appeals. Petitioner has thus failed to meet his burden to demonstrate the factors necessary to invoke equitable tolling. Accordingly, the Petition will be dismissed as untimely.

## III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A certificate of appealability ("COA") may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citation omitted), cited in United States v. Williams, 536 F. App'x 169, 171 (3d Cir. 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000), cited in Kaplan v. United States, No. 13-2554, 2013 WL 3863923, *3 (D.N.J. July 24, 2013).

10

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. No certificate of appealability shall issue.

**IV. Conclusion**

For the reasons set forth above, this Court finds that the § 2254 habeas petition should be dismissed as untimely filed under 28 U.S.C. § 2244(d), and a certificate of appealability will not issue accordingly.

An appropriate Order follows.

    s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: March 19, 2018
At Camden, New Jersey